UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| WILLIE BELL,<br>    Petitioner, | Case No. 1:20-cv-296 |
| vs | Barrett, J.<br>Bowman, M.J. |
| WARDEN, ROSS<br>CORRECTIONAL INSTITUTION,<br>    Respondent. | **REPORT AND<br>RECOMMENDATION** |

Petitioner, an inmate in state custody at the Ross Correctional Institution, has filed a pro se petition for federal habeas corpus relief under 28 U.S.C. § 2254 challenging his Hamilton County, Ohio conviction and sentence. (Doc. 1). Because it appeared this was not the first petition filed by petitioner challenging his Hamilton County, Ohio conviction and sentence, the undersigned issued an Order for petitioner to show cause why the matter should not be transferred to the Sixth Circuit Court of Appeals as a second or successive petition, pursuant to 28 U.S.C. § 2244(b)(1). (Doc. 3). Instead of responding to the Order, petitioner filed for permission to file a second or successive petition in the Sixth Circuit. (*See* Doc. 5). On September 1, 2020, the Sixth Circuit denied petitioner's motion. (Doc. 6).

As noted above, this is not the first petition filed by petitioner in this Court challenging his Hamilton County conviction and sentence. *See Bell v. Warden*, Case No. 1:19-cv-37 (Cole, J.; Litkovitz, M.J) (S.D. Ohio Jan. 15, 2019). Pursuant to 28 U.S.C. § 2244(b)(1), the federal district court must dismiss a claim presented in a second or successive habeas corpus petition that was raised in a prior petition. In addition, the court must dismiss a claim presented in a second or successive petition, which the petitioner did not include in the prior petition, unless: (1)(a) petitioner shows the claim relies on a new rule of constitutional law, made retroactive to

cases on collateral review by the United States Supreme Court, that was previously unavailable; or (b) the factual basis for the claim could not have been discovered previously through the exercise of due diligence; and (2) the facts would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact-finder would have found the petitioner guilty of the underlying offense. 28 U.S.C. § 2244(b)(2).

Before the district court may consider a successive petition, the petitioner must first request and obtain authorization for such consideration from the court of appeals. 28 U.S.C. § 2244(b)(3). The court of appeals may authorize the district court to consider a successive petition only if petitioner makes the *prima facie* showing described above. *Id. See Magwood v. Patterson*, 561 U.S. 320, 330–31 (2010); *In re Cook,* 215 F.3d 606, 607 (6th Cir. 2000).

Accordingly, because the instant habeas corpus petition is successive within the meaning of 28 U.S.C. § 2244(b), this Court lacks jurisdiction to consider it in the absence of prior authorization by the Sixth Circuit. Ordinarily, rather than dismiss the petition, the Court would transfer the petition to the Sixth Circuit. *See In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997) (citing *Liriano v. United States,* 95 F.3d 119, 122 (2nd Cir. 1996). However, in light of the Sixth Circuit's September 1, 2020 Order denying petitioner's motion for an order authorizing a second or successive petition (*see* Doc. 6), this action should be **DISMISSED**.

**IT IS SO RECOMMENDED.**

*Stephanie K Bowman*

Stephanie K. Bowman
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

WILLIE BELL,
    Petitioner,

vs

WARDEN, ROSS CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:20-cv-296

Barrett, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

4